UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X

VICTOR DIZ,

                Plaintiff,

    -against-

MICHAEL ASTRUE, COMMISSIONER,
Social Security Administration,

                Defendant.

------------------------------------------------------------ X

08-CV-1486 (ARR)

NOT FOR ELECTRONIC OR PRINT PUBLICATION

ORDER

ROSS, United States District Judge:

Plaintiff brought this action seeking review of the Commissioner's decision to deny plaintiff disability insurance benefits pursuant to 42 U.S.C. § 405(g). (Dkt. No. 1.) The parties agreed to a stipulation reversing the Commissioner's decision and remanding the case for further proceedings, including a new hearing. (Dkt. No. 12.) The parties stipulated that plaintiff's attorney be awarded $2,989.76 in attorney's fees and $350.00 in costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, and the court approved the stipulated agreement. See Stip. & Order of April 2, 2009 (Dkt. No. 20).

Plaintiff's attorney now seeks an award of $11,365.24 in attorney's fees, representing an hourly rate of $825 for 17.4 hours of attorney time ($14,355), reduced by the amount of EAJA payments already made for attorney time ($2,989.76). (January 6, 2010 Decl. of Christopher Bowes ("January 6, 2010 Bowes Decl."), ¶¶ 19-20.) The Commissioner does not oppose plaintiff's motion. (Dkt. No. 27). For the reasons stated below, the application is granted.

1

## BACKGROUND

Plaintiff applied for Social Security disability insurance benefits on September 30, 2005, alleging disability since November 30, 2002 due to orthopedic, respiratory, gastrointestinal, and anxiety disorders. His disability claim was denied initially on March 28, 2006, and plaintiff appealed by requesting a hearing before an administrative law judge ("ALJ"). (January 6, 2010 Bowes Decl., ¶ 7.) The ALJ denied plaintiff's claim for disability, and the Appeals Council denied his subsequent appeal. (January 6, 2010 Bowes Decl., ¶¶ 8-14.)

Plaintiff then signed a Retainer Agreement with plaintiff's attorney providing for a contingency of "a sum equivalent to one-quarter (25%) of all past due benefits as compensation for his legal services." (January 6, 2010 Bowes Decl., ¶ 15, Ex. D.) On April 10, 2008, plaintiff filed this action challenging the Commissioner's decision to deny him disability benefits. On September 7, 2008, plaintiff filed a second application for disability benefits. (January 6, 2010 Bowes Decl., ¶ 16). After answering the complaint, the Commissioner offered to vacate the decision of the ALJ on plaintiff's first application, and to remand the action for additional administrative proceedings. (January 6, 2010 Bowes Decl., ¶ 17.) On December 9, 2008, the parties agreed to remand the action and the court so-ordered the stipulation on December 10, 2008. (Dkt. No. 12.) The parties stipulated that plaintiff's attorney be awarded $2,989.76 in attorney's fees for 17.4 hours of attorney time, and $350.00 in costs under the EAJA, and the court approved the stipulated agreement. See Stip. & Order of April 2, 2009 (Dkt. No. 20).

On March 3, 2009, the Commissioner found plaintiff disabled based on his second, September 7, 2008 application for disability benefits. Following the Court remand order on

## BACKGROUND

Plaintiff applied for Social Security disability insurance benefits on September 30, 2005, alleging disability since November 30, 2002 due to orthopedic, respiratory, gastrointestinal, and anxiety disorders. His disability claim was denied initially on March 28, 2006, and plaintiff appealed by requesting a hearing before an administrative law judge ("ALJ"). (January 6, 2010 Bowes Decl., ¶ 7.) The ALJ denied plaintiff's claim for disability, and the Appeals Council denied his subsequent appeal. (January 6, 2010 Bowes Decl., ¶¶ 8-14.)

Plaintiff then signed a Retainer Agreement with plaintiff's attorney providing for a contingency of "a sum equivalent to one-quarter (25%) of all past due benefits as compensation for his legal services." (January 6, 2010 Bowes Decl., ¶ 15, Ex. D.) On April 10, 2008, plaintiff filed this action challenging the Commissioner's decision to deny him disability benefits. On September 7, 2008, plaintiff filed a second application for disability benefits. (January 6, 2010 Bowes Decl., ¶ 16). After answering the complaint, the Commissioner offered to vacate the decision of the ALJ on plaintiff's first application, and to remand the action for additional administrative proceedings. (January 6, 2010 Bowes Decl., ¶ 17.) On December 9, 2008, the parties agreed to remand the action and the court so-ordered the stipulation on December 10, 2008. (Dkt. No. 12.) The parties stipulated that plaintiff's attorney be awarded $2,989.76 in attorney's fees for 17.4 hours of attorney time, and $350.00 in costs under the EAJA, and the court approved the stipulated agreement. See Stip. & Order of April 2, 2009 (Dkt. No. 20).

On March 3, 2009, the Commissioner found plaintiff disabled based on his second, September 7, 2008 application for disability benefits. Following the Court remand order on

plaintiff's first application, the Appeals Council found plaintiff disabled since November 30, 2002, and eligible for payments from the period September 2004 to August 2007,[1] for a total benefits amount attributable to the federal court action of $73,875. (January 6, 2010 Bowes Decl., ¶¶ 24-26; Ex. C.) An amount of $19,299.25 was set aside pending the court's decision on the instant application.[2] (January 6, 2010 Bowes Decl., ¶¶ 24-26; Ex. C.)

## DISCUSSION

The Social Security Act provides that a court may award an attorney who represents a prevailing claimant in a social security case "a reasonable fee . . . not in excess of 25 percent of the total of past-due benefits to which the claimant is entitled." 42 U.S.C. § 406(b). In determining whether to award fees, a district court looks first to the contingent fee agreement between the parties. See Gisbrecht v. Barnhart, 535 U.S. 789, 807-08 (2002). If the fee agreement provides for a fee within the 25 percent cap, as it does here, "the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." Id. at 608. In making the determination as to whether a given fee is reasonable, the court must be mindful that "a contingency fee is the freely negotiated expression both of a claimant's willingness to pay more than a particular hourly rate to secure effective representation, and of an

---

[1] Plaintiff had already received payment for September 2007 forward based on his successful September 7, 2008 application. (January 6, 2010 Bowes Decl., Ex. C.)

[2] The Notice indicates that twenty-five percent of the total amounted to $19,299.25, which would reflect a total payment of $77,197. Plaintiff attributes the difference in these calculations to a slightly higher benefit rate which became due to plaintiff for the period from September 2007 forward as a result of the finding that he was disabled from November 2002. Regardless, plaintiff's attorney is seeking an amount less than twenty-five percent of either the $73,875 or $77,197 total figures.

attorney's willingness to take the case despite the risk of nonpayment." Wells v. Sullivan, 907 F.2d 367, 371 (2d Cir. 1990). At the same time, "contingent fee arrangements cannot simply be adopted as per se reasonable in all social security cases." Id.

In considering whether a downward adjustment is appropriate, courts should consider (1) "the character of the representation and the results the representative achieved," Gisbrecht v. Barnhart, 535 U.S. at 808, and (2) whether "the benefits are large in comparison to the amount of time spent on a case," id. Although the reviewing court may not use the lodestar method to calculate the fee due, a record of number of hours spent on the case in federal court may assist a court in determining whether a given fee is reasonable. Id.

Neither the character of the representation nor the results achieved give rise to any concern as to the reasonableness of the fee at issue here. As a result of the instant action, plaintiff received a substantial award of back benefits. Additionally, plaintiff's counsel requests a contingency fee award that is significantly lower than the award provided for in the contingent fee agreement, amounting to an hourly rate of $825.00 per hour worked, for 17.4 attorney hours. This amount is one that the Commissioner does not oppose, and one that is not without precedent. See, e.g., Joslyn v. Barnhart, 389 F.Supp.2d 454, 457 (W.D.N.Y. 2005) (awarding $38,116.50 in fees for 42.75 hours before that court, amounting to $891.61 per hour); see also Ellick v. Barnhart, 445 F.Supp.2d, 1166, 1169-71 (C.D.Cal.2006) (surveying post-Gisbrecht cases and finding decisions approving fee awards involving range of net hourly rates of up to $982 per hour).

Based on its review of the record, the court finds that awarding plaintiff's counsel the requested contingency fee is reasonable given the services rendered.

## CONCLUSION

The court grants plaintiff's motion for attorney's fees under 42 U.S.C. § 406(b) and awards $11,365.24 in fees to plaintiff's attorney. The remainder of the amount withheld by the Commissioner from plaintiff's past-due benefits is to be provided to plaintiff.

SO ORDERED.

/Signed by Judge Ross/
Allyne R. Ross
United States District Judge

Dated: January 26, 2009
       Brooklyn, New York

SERVICE LIST:

Counsel for Plaintiff
Christopher James Bowes
54 Cobblestone Drive
Shoreham, New York 11786

Counsel for Defendant
Candace Scott Appleton
United States Attorney's Office
Eastern District of New York
271 Cadman Plaza East
Brooklyn, NY 11201-1820